UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMERICAN RIVER TRANSPORTATION CO., INC. | CIVIL ACTION NO.: 2:23-cv-02867 |
| | SECTION __ | DIVISION __ |
| VERSUS | |
| | JUDGE: |
| KIRBY INLAND MARINE, LP, *IN PERSONAM*, AND M/T HAFNIA RHINE, *IN REM* | MAGISTRATE: |

## **COMPLAINT**

The Complaint of American River Transportation Co., LLC, in a claim for maritime tort, and pursuant to 28 U.S.C. §1333 and the Admiralty Extension Act, 46 U.S.C. §30101, and OPA 90, 33 USC §2702 and pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, with respect represents:

1. Plaintiff, American River Transportation Co. ("ARTCO"), a limited liability company, organized and existing under the laws of the state of Delaware with its principal place of business in Chicago, Illinois.

2. All material times, Defendant, Kirby Inland Marine, LP ("Kirby") was a partnership organized and existing under the laws of the state of Delaware with its principal place of business in Houston, Texas.

3. At all material times, Defendant, M/T HAFNIA RHINE, *in rem*, IMO number 9341940, was an oil tanker, with length of 228.6 meters, breadth/beam of 32.26 meters, and moulded depth of 21.2 meters, flying the flag of Singapore, which was owned by BW Aldrich Pte., Ltd of Singapore, and operated by BW Fleet Management PTE. Ltd of Singapore, was in the Eastern District of Louisiana when

            a pollution event occurred and which will be in the jurisdiction of the Court during the pendency of this litigation.

4. ARTCO was the owner and operator of a barge fleet including facilities and spar barges in the vicinity of Ama, Louisiana in the Mississippi River, as well as ship mooring berths, a shipyard, barge washing and cleaning facilities, and also owns and charters barges for coastwise trade and provides stevedoring services to transload cargoes to/from ships in the Mississippi River all in the vicinity of Kenner, Louisiana.

5. Kirby was the owner and operator of the tug JUSTICE and bunker barge PB 3010 which on or about July 28, 2022, contracted with HAFNIA RHINE to pump bunkers, i.e., 700 metric tons of Very Low Sulfur Fuel Oil ("VLSFO").

6. Instead, Kirby and those aboard tug JUSTICE pumped 802.79 metric tons of VLSFO from bunker barge PB 3010 into the starboard fuel oil tank of HAFNIA RHINE on July 28, 2022 while the ship was at Ama Anchorage, which, when combined with the fuel oil remaining in that tank, exceeded its capacity, causing an overflow through the tanks' vent, spilling oil onto the ship deck and overboard into navigable waters of the United States of America, and onto ARTCO's fleets, hopper barges, spar barges, other vessels, and facilities.

7. HAFNIA RHINE Interests had written procedures to stop the flow before the tank capacity was exceeded but those procedures were not followed. Adding to the situation was insufficient and ineffective use of manpower and miscommunication or lack of communication between and among the Kirby barge, tug, and the ship crew for which Defendants are jointly and severally liable.

8. The oil spill into the navigable waters of the United States of American in violation of U.S. Pollution laws, was caused as a result of the joint negligence of employees of Kirby and HAFNIA RHINE Interests and the unseaworthiness of HAFNIA RHINE, tug JUSTICE and bunker barge PB 3010.

9. The spill was a statutory violation of the pollution laws of the United States of America including the Clean Water Act, for which defendants are strictly liable.

10. Some of the costs of clean up were funded by HAFNIA RHINE Interests who was found to be the "responsible party" under OPA 90, which are not included in the damages sought by this Complaint; but, ARTCO sustained additional damages, lost revenue, and increased costs from 1) loss of fleeting revenue, 2) spill response, 3) ARTCO barge loss of use, 4) outside barge lost revenue, 5) additional expense including in/out fleeting costs, and 6) survey expenses. Collectively, the unpaid losses of ARTCO are estimated to be $631,240.23 before pre-judgment interest.

11. These unpaid losses have not been paid despite amicable demand.

Wherefore ARTCO prays, that Defendants be cited to appear and answer the allegations of the Complaint, and after due proceedings that there be judgment in favor of ARTCO and against Defendants, Kirby Inland Marine, LP, *in personam*, and M/T HAFNIA RHINE, *in rem,* jointly, severally and *in solido,* together with legal interest from the day of the oil spill incident/tort/violation of the pollution laws of the United States of America until paid.

.

- 4 -

Respectfully submitted,

SALLEY HITE MERCER & RESOR, LLC

*/s/David M. Flotte*
DAVID M. FLOTTE, T.A. (LA Bar #1364)
365 Canal Street, Suite 1710
New Orleans, LA 70130
Tel.:    (504) 566-8800
Fax:    (504) 321-6508
dflotte@shmrlaw.com
*Counsel for American River Transportation Co., LLC*

**PLEASE SERVE:**

1)    Kirby Inland Marine, LP
       *Through its Agent for Service:*
       Robert D. Ligon
       10397 Bank Street Ext.
       Clinton, LA 70722

2)    M/T HAFNIA RHINE Interests
       *Through Its Attorney:*
       Derek Walker
       CHAFFE MCCALL, LLP
       1100 Poydras Street, Suite 2300
       New Orleans, LA 70163